People v Cegielski (2021 NY Slip Op 03047)





People v Cegielski


2021 NY Slip Op 03047


Decided on May 12, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 12, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
REINALDO E. RIVERA
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY, JJ.


2018-04679
2018-05160

[*1]The People of the State of New York, respondent,
v
Robert Cegielski, appellant. (S.C.I. Nos. 13-01325, 14-00254)


Del Atwell, East Hampton, NY, for appellant.
Miriam E. Rocah, District Attorney, White Plains, NY (Christine DiSalvo and Raffaelina Gianfrancesco of counsel), for respondent.



DECISION & ORDER
Appeals by the defendant from two amended judgments of the County Court, Westchester County (Anne E. Minihan, J.), both rendered January 25, 2018, which, upon a finding that he violated a condition of the probation previously imposed by the same court (David F. Everett, J.), upon his admission, imposed, inter alia, extended periods of probation.
ORDERED that the amended judgments are affirmed.
On June 24, 2014, the defendant pleaded guilty under two separate superior court informations to one count each of driving while intoxicated in violation of Vehicle and Traffic Law § 1192(3). On September 23, 2014, the County Court sentenced the defendant to concurrent terms of imprisonment of six months, to be followed by a five-year period of probation with certain terms and conditions. On January 25, 2018, upon the defendant's admission that he violated a condition of the probation previously imposed, the court modified his sentences by, inter alia, tolling the five-year period of probation from October 31, 2016, through January 25, 2018.
Contrary to the defendant's contention, the amended sentences imposed were not excessive (see People v Suitte , 90 AD2d 80).
MASTRO, A.P.J., RIVERA, HINDS-RADIX and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court